Judith W. Ross
State Bar No. 21010670
Rachael L. Smiley
State Bar No. 24066158
ROSS & SMITH, PC
700 North Pearl Street, Suite 1610
Dallas, Texas 75201
Telephone: 214-377-7879
Facsimile: 214-377-9409
Email:   judith.ross@judithross.com
         rachael.smiley@judithross.com

James E. Van Horn
*Admitted Pro Hac Vice*
BARNES & THORNBURG LLP
1717 Pennsylvania Avenue NW, Suite 500
Washington, DC  20006-4623
Telephone: 202-371-6351
Facsimile: 202-289-1330
Email:   jvanhorn@btlaw.com

**COUNSEL FOR THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| Rooftop Group International Pte. Ltd., | § § § | CASE NO. 19-43402-mxm11 |
| Debtor. | § § | CHAPTER 11 |

**OBJECTION BY THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTOR'S SECOND MOTION TO EXTEND TIME TO FILE A CHAPTER 11 PLAN**

The Official Committee of Unsecured Creditors (the "**Committee**") of Rooftop Group International Pte. Ltd. (the "**Debtor**"), by and through its counsel, hereby submits this Objection (the "**Objection**") to the Debtor's *Second Motion to Extend Time to File a Chapter 11 Plan* (the "**Motion**") [Docket No. 136], and in support thereof, would respectfully as follows:

**RELEVANT BACKGROUND**

1. On April 30, 2019, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business and manage its property as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.  On June 13, 2019 the Office of the United States Trustee ("**U.S. Trustee**") filed its Appointment of the Official Unsecured Creditors' Committee [Docket No. 24] thereby appointing the Committee in this Bankruptcy Case.

3.  On August 6, 2019, the Debtor filed its *Motion to Extend Time to File a Chapter 11 Plan* [Docket No. 73] ("**First Exclusivity Motion**").

4.  On September 5, 2019, the Court entered its Order granting the First Exclusivity Motion [Docket No. 106], extending the exclusive period of time during which only the Debtor can file a plan of reorganization in this chapter 11 bankruptcy case (the "**Exclusivity Period**") until November 26, 2019.

5.  On September 27, 2019 the U.S. Trustee filed its Second Amended Appointment of the Official Unsecured Creditors' Committee [Docket No. 117], appointing the five members who comprise the Committee in its current form: Brian Dlugash, PICA Australia Pty., Ltd., Begaline Limited, Polar Ventures Overseas Limited, and Chiat Thian Chew.

6.  On November 5, 2019, the Debtor filed the instant Motion, seeing to further extend the Exclusivity Period for an additional 60 days, until January 25, 2020.

## OBJECTION

7.  A debtor seeking to extend the 120-day exclusivity period bears the burden of proof and must demonstrate that cause exists for granting an extension. *In re Southwest Oil Co.*, 84 B.R. 448, 450 (Bankr. W.D. Tex. 1987). Whether to grant the extension lies within the bankruptcy court's discretion. *In re Mirant Corp.*, 2004 U.S. LEXIS 19796 at *8 (N.D. Tex 2004). The debtor's burden gets heavier with each extension it seeks as well as the longer the period of exclusivity lasts. *Id.* (citing *In re Dow Corning Corp.,* 208 B.R. 661, 664 (Bankr. E.D. Mich. 1997).

8.      As of the filing of this Objection, this bankruptcy case has been pending for 207 days. The Debtor has already sought, and received, a 60-day extension of its exclusivity period, which the Committee consented to. The Debtor now bears a heavier burden to demonstrate that cause exists for a second extension of its exclusivity period for an additional 60 days. It is the Committee's position that a further extension of the Debtor's exclusivity period is not warranted at this juncture, and, if granted, it its only purpose would be to delay the path to a confirmable plan, to the prejudice of the Debtor's creditors.

9.      Section 1121(d) of the Bankruptcy Code provides that, on request of a party in interest, the Court may "for cause reduce or increase the 120-day period" during which only the debtor may file a plan of reorganization. 11 U.S.C. § 1121(d)(1). As the Debtor points out in its Motion, "cause" is not defined in the Bankruptcy Code. *See also In re Freidman's Inc.*, 336 B.R. 884, 888 (Bankr. S.D. Ga. 2005). Courts have, however, developed a number of non-exclusive factors to guide in determining whether cause exists to extend the exclusivity period, including:

   a) the size and complexity of the case;
   b) the necessity of sufficient time to negotiate and prepare adequate information;
   c) the existence of good faith progress toward reorganization;
   d) whether the debtor is paying its debts as they become due;
   e) whether the debtor has demonstrated reasonable prospects for filing a viable plan;
   f) whether the debtor has made progress negotiating with creditors;
   g) the length of time the case has been pending;
   h) whether the debtor is seeking an extension to pressure creditors; and

   i) whether unresolved contingencies exist.

*Id.; see also In re Service Merch. Co.,* 256 B.R. 744, 751 (Bankr. M.D. Tenn. 2000); *In re Express One Intern., Inc.,* 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996).

10. Contrary to what the Debtor presents in its motion, consideration of the foregoing factors leads to the conclusion that a further extension of exclusivity is not warranted here.

11. As the Debtor rightly points out, this case is not large or complex. Although certain options for structuring a plan of reorganization for the Debtor may be, in and of themselves, rather complex, the case itself is not complex; the Debtor has limited revenue, no regular business operations or expenses, and a limited creditor constituency.

12. Historically, a traditional ground for granting extensions of exclusivity has been the unusually large size of the debtor and its attendant difficulty in formulating a plan due to the need to negotiate with multiple constituencies while maintaining business operations. *Southwest Oil*, 84 B.R. at 451-52. In this instance, the Debtor itself is neither large nor complex, and it only needs to engage in substantive negotiations with two creditor parties: the Committee and Triumphant Gold Limited. The Debtor lacks the size and complexity that would favor extending exclusivity.

13. Likewise, it cannot be said that the Debtor is paying its debts as they come due. The Debtor has no regular business expenses because it has no real operations or income at this juncture. For this reason, it is critical that the Debtor quickly get a plan in place that will permit it to resume some kind of regular business operations (whether based on licensing, manufacturing, or otherwise) so that it will have income to pay its creditors. A further extension of exclusivity cannot possibly hasten this objective. Rather, an extension can only delay the proposal of a plan

because the Debtor, who has no real expenses, other than fees of the U.S. Trustee and estate professionals, is disincentivized to disrupt its status quo.

14. The Committee and the Debtor have made significant, good-faith progress with plan negotiations, and there is nothing to suggest that this progress will be enhanced by providing the Debtor with a further extension of its exclusivity period. The Committee consented to the Debtor's first request for a 60-day extension of its exclusivity period, in part because the Committee had only recently retained legal counsel and was just starting to get up to speed. The Committee and its professionals are now up to speed, and has had, among other things, the opportunity to formulate a plan structure that will maximize value to creditors. As such, there is no prejudice to the Debtor in allowing the current exclusivity extension to expire by its terms.

15. The Committee will continue to negotiate a plan with the Debtor regardless of whether exclusivity is further extended. And, should consensual negotiations break down for some reason, the Debtor is in no way prevented from proposing a unilateral plan if exclusivity is terminated. The only prejudice will be to creditors who are forced to "wait out" the exclusivity period if it is extended. Or, more likely, if the Committee finds itself needing to propose its own unilateral plan, it will have to seek to terminate exclusivity, with the attendant time and cost to the Debtor's estate in order to do so.

16. The Court is required to balance the harm to creditors in considering whether to extend the exclusivity period and must "limit the delay that makes creditors the hostages of Chapter 11 debtors." *Mirant*, 2004 U.S. Dist. LEXIS at *8 (internal citations omitted). A further extension of exclusivity cannot serve to meaningfully move this chapter 11 case forward toward a confirmable plan any more effectively or efficiently than it is already moving. In the best-case scenario, the extension will accomplish nothing that is not already being accomplished; at worst,

it can only insert further delay into a case where resources are extremely limited, and administrative costs continued to grow. It is in the interests of all parties in this case to get a confirmable plan proposed as quickly as possible. Preserving the leverage of one side over the other in this process by further extending the exclusivity period does not facilitate that result.

## CONCLUSION

**WHEREFORE,** for the reasons set forth above, the Committee respectfully requests that the Court: deny the relief sought in the Debtor's Motion, and grant such other and further relief as the Court may deem just and proper.

Dated: November 22, 2019

Respectfully submitted,

**ROSS & SMITH, PC**

By: __/s/ *Rachael L. Smiley*__
Judith W. Ross (State Bar No. 21010670)
Rachael L. Smiley (State Bar No. 24066158)
700 N. Pearl Street, Suite 1610
Dallas, TX 75201
Phone: 214-377-7879
Fax: 214-377-9409
Email: judith.ross@judithwross.com
       rachael.smiley@judithross.com

-and-

James E. Van Horn (admitted *pro hac vice*)
**BARNES & THORNBURG LLP**
1717 Pennsylvania Avenue NW, Suite 500
Washington, DC 20006-4623
Telephone: 202-371-6351
Facsimile: 202-289-1330
Email: jvanhorn@btlaw.com

**COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was served on November 22, 2019 via court ECF Notice on (i) Counsel to the Debtor; (ii) Office of the United States Trustee; and (iii) all parties receiving ECF Notice in this case.

       /s/ Rachael L. Smiley
       Rachael L. Smiley