| | |
|---|---|
| Judith W. Ross | James E. Van Horn |
| State Bar No. 21010670 | (admitted *pro hac vice*) |
| Rachael L. Smiley | BARNES & THORNBURG LLP |
| State Bar No. 24066158 | 1717 Pennsylvania Avenue NW, Suite 500 |
| ROSS & SMITH, PC | Washington, DC 20006-4623 |
| 700 North Pearl Street, Suite 1610 | Telephone: 202-371-6351 |
| Dallas, Texas 75201 | Facsimile: 202-289-1330 |
| Telephone: 214-377-7879 | Email:  jvanhorn@btlaw.com |
| Facsimile: 214-377-9409 | |
| Email:  judith.ross@judithross.com | |
|   rachael.smiley@judithross.com | |

**COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| | § | CASE NO. 19-43402-mxm11 |
| Rooftop Group International Pte. Ltd., | § | |
| | § | |
| Debtor. | § | CHAPTER 11 |
| | § | |

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION PURSUANT TO BANKRUPTCY RULE 2004 FOR AN ORDER AUTHORIZING AND DIRECTING EXAMINATION OF, AND <u>PRODUCTION OF DOCUMENTS FROM THE DEBTOR</u>**

The Official Committee of Unsecured Creditors (the "**Committee**") of Rooftop Group International Pte. Ltd. (the "**Debtor**"), by and through its counsel, hereby submits this motion (the "**Motion**") pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 2004-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas (the "**Local Rules**"), for an Order substantially in the form accompanying this Motion, authorizing and directing an examination of, and

production of documents from the Debtor. In support of this Motion, the Committee respectfully states as follows:

**INTRODUCTION**

1. Since the its appointment and retention of counsel, the Committee has, among other things, diligently reviewed and analyzed documents and information provided to it by individual Committee members, other third parties, and the Debtor, including access to a data room established by Debtor's counsel containing various documents and information relating to the Debtor.

2. As the Committee has previously represented to the Court, the Committee has sought, and continues to seek, to work cooperatively with the Debtor on a consensual plan that will maximize the recovery for the unsecured creditors, which are undeniably the primary, if not nearly exclusive, class of creditors with any potential economic outcome for a recovery in this case. While the Committee possesses some pieces of information it needs to formulate an optimal plan structure, there is additional important information that the Committee requires which the Committee believes is in the Debtor's possession.

3. Additionally, the Committee has also begun investigating potential claims and causes of action the Debtor's estate has in order to determine the universe of possible additional sources of recovery for unsecured creditors.

4. On December 10, 2019, the Committee provided the Debtor a draft agreed motion providing for the examination of Darren Matloff, and production of documents from the Debtor pursuant to Rule 2004. Attached to the draft agreed motion was a list of deposition topics and document requests.

5.  In subsequent communications with the Debtor, the Committee believes that the Debtor is potentially agreeable to providing the Committee with discovery under Bankruptcy Rule 2004 related to formulating a plan, but that there is a fundamental disagreement between the parties as to whether the Committee is entitled at this time to discovery under Bankruptcy Rule 2004 related to investigating claims and causes of action.

6.  Further, as the Committee has previously conveyed to the Debtor, to the extent the Debtor has already fully complied with certain discovery requests, such as having all responsive documents to a particular request available in the Debtor's data room, the Committee requires that the Debtor make such a representation under the formal structure of Bankruptcy Rule 2004.

7.  For the reasons set forth herein, the Committee respectfully states that it is at present completely entitled to comprehensive discovery from the Debtor under Bankruptcy Rule 2004 to investigate any and all assets and property of the Debtor, including claims and causes of action, and to formulate an optimal plan structure, in order to maximize the recovery for unsecured creditors.

8.  The Committee requests that the Court approve this Motion and compel the Debtor to provide Darren Matloff to testify about the subject areas described in **Schedule I** to this Motion, and to produce the documents listed on **Schedule II**.

## JURISDICTION AND VENUE

9.  This Court has jurisdiction to consider the relief granted herein pursuant to 28 U.S.C. §§ 157 and 1334.

10. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

11. The statutory predicate for the relief requested herein is Bankruptcy Rule 2004 and Local Rule 2004-1.

## BACKGROUND

12. On April 30, 2019, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business and manage its property as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

13. On June 13, 2019 the Office of the United States Trustee ("**U.S. Trustee**") filed its Appointment of the Official Unsecured Creditors' Committee [Docket No. 24] thereby appointing the Committee in this Bankruptcy Case.

14. On September 27, 2019 the U.S. Trustee filed its Second Amended Appointment of the Official Unsecured Creditors' Committee [Docket No. 117], appointing the five members who comprise the Committee in its current form: Brian Dlugash, PICA Australia Pty., Ltd., Begaline Limited, Polar Ventures Overseas Limited, and Chiat Thian Chew.

## RELIEF REQUESTED

15. By this Motion, the Committee requests entry of an Order (a) authorizing the direction an examination of Darren Matloff to testify about the subject areas described in **Schedule I** to this Motion at the offices of Barnes & Thornburg LLP, 2121 N. Pearl Street, Suite 700, Dallas, Texas 75202 at a date and time to be mutually agreed up on by the Committee and the Debtor, provided that such examination shall take place no later than forty-five (45) days after entry of the Order, unless the Committee and Debtor agree otherwise; and (b) directing the Debtor to produce the documents listed on **Schedule II** to this Motion; in order for the Committee to (i) determine the universe of assets, claims and causes of action the Debtor's estate possesses, and (ii) formulate a plan structure that is in the best interest of creditors and the Debtor's estate.

**BASIS FOR RELIEF**

16. As a fiduciary for all unsecured creditors, the Committee is granted broad statutory powers to, among other things, "investigate the acts, conduct, assets and liabilities and financial condition of the debtor, . . . and any other matter relevant to the case or to the formulation of a plan." 11 U.S.C. §1103(c)(2).

17. Discovery under Bankruptcy Rule 2004 includes within its scope, *inter alia,* any matter that may relate to the property and assets of the estate; the financial condition of the debtor; and any matter that may affect the administration of a debtor's estate. *See* Fed. R. Bankr. P. 2004(b); *see also In re Teleglobe Communs. Corp.,* 493 F.3d 345, 354 fn. 6 (3d Cir. 2007) (Rule 2004 allows parties with an interest in the bankruptcy estate to conduct discovery into matters affecting the estate).

18. The scope of a Rule 2004 examination is "unfettered and broad" and "is commonly recognized as more in the nature of a 'fishing expedition.'" *In re Correra,* 589 B.R. 76, 108-109 (Bankr. N.D. Tex. 2018), *citing In re Bennett Funding Group, Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996). A [R]ule 2004 exam has been explained as a broad investigation into the financial affairs of the debtor for the purpose of the discovery of assets of the estate and the exposure of fraudulent conduct. *In re Correra,* at 108, *citing 2435 Plainfield Av. Inc. v. Township of Scotch Plains (In re 2435 Plainfield Av., Inc.)*, 223 B.R. 440, 456 (Bankr. D. N.J. 1998) (citing *In re Symington*, 209 B.R. 678, 684 (Bankr. D. Md. 1997)).

19. Discovery under Rule 2004 is broader than that available under the Federal Rules of Civil Procedure. *In re Correra, at 109, citing In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 708, 711 (Bankr. S.D.N.Y. 1991) (citing *In re Vantage Petroleum Corp.*, 34 B.R. 650, 651 (Bkrtcy. E.D.N.Y. 1983)). Examinations under Rule 2004 are allowed for the "purpose of

discovering assets and unearthing frauds" and the "…broad rule [of 2004] allows the trustee to determine if the estate can be augmented by asserting claims against others." *In re Brazemore,* 216 B.R. 1020, 1023 (Bankr. S.D. Ga. 1998).

20. Indeed, the scope of inquiry under Bankruptcy Rule 2004 is broad because "[t]he purpose of a Rule 2004 examination is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred." *In re Recoton Corp.,* 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004).

21. Furthermore, in instances where estate representatives try to ascertain whether or not to pursue estate claims, Bankruptcy Rule 2004 is recognized as a proper pre-litigation device that can uncover facts and circumstances that may demonstrate whether a debtor's estate holds a claim against a third party and the strength of any such claim. *See In re Wash. Mut., Inc.,* 408 B.R. 45, 53 (Bankr. Del. 2009) ("One of the primary purposes of a Rule 2004 examination is as a pre-litigation device"); *In re Handy Andy Home Improvement Ctrs., Inc.,* 199 B.R. 376, 380 (Bankr. N.D. Ill. 1996) ("Rule 2004" is substantially a 'pre-litigation device for assessing whether grounds exist to commence an action…'").

22. The information sought by the Committee concerns the Debtor's "acts, conduct, or property" and "liabilities and financial condition," Fed. R. Bankr. P. 2004(b); and will inform whether, and to what extent, the Debtor may have (i) breached any fiduciary duties; (ii) made or received transfers that may constitute fraudulent transfers or preferences; (iii) coordinated their actions with third parties; and/or (iv) breached any covenant of good faith and fair dealing.

23. The Committee has worked, and will continue to work, with the Debtor in connection with the formulation of a chapter 11 plan in this case. Doing so requires the free flow of information between the Debtor and the Committee. The Committee filed this Motion only

6

after attempts to agree with the Debtor on a consensual agreed motion providing for the examination of, and production of documents from the Debtor pursuant to Rule 2004.

24. Each request of the Committee seeks information concerning the acts, conduct, property, liabilities, and/or financial condition of the Debtor, or matters affecting the administration of the Debtor's estate. The Committee cannot effectively do its job in negotiating a plan on behalf of unsecured creditors without fully understanding the nature of the estate assets, including claims and causes of action that may be available for distribution to creditors. As a result, the Committee's requests fall squarely within the permissible scope of discovery under Bankruptcy Rule 2004. The relief requested herein should be granted to permit the Committee to adequately investigate claims involving the Debtor's estate, prevent dissipation of assets, and formulate the optimal plan structure in the best interest of creditors and the Debtor's estate. Accordingly, the Committee respectfully submits that the Motion should be granted and the Committee be permitted discovery under Bankruptcy Rule 2004.

WHEREFORE, the Committee respectfully requests that the Court enter an order substantially in the form of the proposed Order accompanying this Motion, granting the relief requested herein and such other and further relief as is just and proper.

Dated: December 18, 2019　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　/s/*Rachael L. Smiley*
　　　　　　　　　　　　　　　　　　　　Judith W. Ross
　　　　　　　　　　　　　　　　　　　　State Bar No. 21010670
　　　　　　　　　　　　　　　　　　　　Rachael L. Smiley
　　　　　　　　　　　　　　　　　　　　State Bar No. 24066158
　　　　　　　　　　　　　　　　　　　　ROSS & SMITH, PC
　　　　　　　　　　　　　　　　　　　　700 North Pearl Street, Suite 1610
　　　　　　　　　　　　　　　　　　　　Dallas, Texas 75201
　　　　　　　　　　　　　　　　　　　　Telephone: 214-377-7879
　　　　　　　　　　　　　　　　　　　　Facsimile: 214-377-9409
　　　　　　　　　　　　　　　　　　　　Email: judith.ross@judithross.com
　　　　　　　　　　　　　　　　　　　　　　　　rachael.smiley@judithross.com

-and-

James E. Van Horn
(admitted *pro hac vice*)
BARNES & THORNBURG LLP
1717 Pennsylvania Avenue NW, Suite 500
Washington, DC 20006-4623
Telephone: 202-371-6351
Facsimile: 202-289-1330
Email:    jvanhorn@btlaw.com

**COUNSEL FOR THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 18th day of December 2019, a true and correct copy of the foregoing document was served via Court ECF notification upon all parties in this case entitled to receive such notification, and upon the parties below via email or U.S. First class mail:

Michael P. Cooley
Lindsey L. Robin
REED SMITH LLP
2501 N. Harwood, Suite 1700
Dallas, TX 75201
mpcooley@reedsmith.com
lrobin@reedsmith.com

Rooftop Group International Pte. Ltd.
5218 Spruce Street
Bellaire, TX 77401

                                            */s/ Rachael L. Smiley*
                                             Rachael L. Smiley

## CERTIFICATE OF CONFERENCE

  I HEREBY CERTIFY (i) that on December 10, 2019, counsel for the Committee contacted counsel for the Debtor and provided a draft agreed motion providing for the examination of, and production of documents from the Debtor pursuant to Rule 2004; and (ii) that on December 12, 2019, counsel for the Committee conferred with counsel for the Debtor with regard to the Committee's Rule 2004 discovery requests. Counsel for the Committee understood that the Debtor was potentially agreeable to providing the Committee with discovery under Rule 2004 related to formulating a plan, but was not agreeable to providing the Committee with discovery under Rule 2004 related to investigating claims and causes of action. Accordingly, the Committee files this Motion as contested.

                  */s/ James E. Van Horn*
                   James E. Van Horn