



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed August 24, 2020**

*Mark X. Mullin*

**United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| Rooftop Group International Pte. Ltd., *et al.*[1] | § | Case No. 19-43402-mxm |
| | § | |
| Debtors. | § | Jointly Administered |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW AND ORDER CONFIRMING THE PLAN OF REORGANIZATION/LIQUIDATION OF ROOFTOP GROUP INTERNATIONAL PTE. LTD., ROOFTOP GROUP SERVICES (US), INC. AND ROOFTOP GROUP USA, INC. PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE PROPOSED BY THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ROOFTOP GROUP INTERNATIONAL PTE. LTD. AND THE CHAPTER 11 TRUSTEE OF ROOFTOP GROUP SERVICES (US), INC. <u>AND ROOFTOP GROUP USA, INC</u>.**

---

[1] The Debtors in these chapter 11 cases are, including the last four digits of their respective EIN numbers, as follows: Rooftop Group International Pte. Ltd. (no EID), Rooftop Group USA, Inc. (8810) and Rooftop Group Services (US), Inc. (3705). The mailing address for Rooftop International is 5218 Spruce Street, Bellaire, TX 77401, and the mailing address for the chapter 11 Trustee of Rooftop USA and Rooftop Services is 509 North Montclair Avenue, Dallas, Texas 75208-5498.

## I.    RECITALS

A.    On April 30, 2019, Rooftop Group International Pte. Ltd. ("**Rooftop International**") filed a voluntary petition for relief under chapter 11 of United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**").  Rooftop International continues to operate its business and manage its property as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.    On June 13, 2019 the Office of the United States Trustee ("**U.S. Trustee**") filed its Appointment of the Official Unsecured Creditors' Committee (the "**Committee**") [Docket No. 24 in the Rooftop International case] thereby appointing the Committee in that bankruptcy case.

C.    On September 27, 2019 the U.S. Trustee filed its Second Amended Appointment of the Committee [Docket No. 117 in the Rooftop International case], appointing the five members who comprise the Committee in its current form: Brian Dlugash, PICA Australia Pty., Ltd., Begaline Limited, Polar Ventures Overseas Limited, and Chiat Thian Chew.

D.    On August 25, 2019, Rooftop Group Services (US) Inc. ("**Rooftop Services**") and Rooftop Group USA, Inc. ("**Rooftop USA**") filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code.  Daniel J. Sherman was appointed the Chapter 7 Trustee (the **"Chapter 7 Trustee"**) in both cases.  The bankruptcy cases of Rooftop International, Rooftop Services and Rooftop USA are collectively referred to as the "**Chapter 11 Cases**" and Rooftop International, Rooftop Services and Rooftop USA are collectively referred to as the "**Debtors**."

E.    On April 30, 2020, the Committee and Chapter 7 Trustee filed, respectively,   Joint Motions to Convert  to Chapter 11 and for the Appointment of a Chapter 11 Trustee for Rooftop Services [Docket Nos. 41 and 42 in Case No. 19-44235] and Rooftop USA [Docket Nos. 52 and 53 in Case No. 19-44234].  By Order entered May 7, 2020, the Court granted the Joint Motion and

entered an Order converting Rooftop Services [Docket Nos. 45 and 46 in Case No. 19-44235] and Rooftop USA [Docket Nos. 56 and 57 in Case No. 19-44234] to cases under Chapter 11 and directing the Office of the United States Trustee to appoint a Chapter 11 Trustee. On May 12, 2020, the Office of the United States Trustee appointed Daniel J. Sherman as the Chapter 11 Trustee ("**Chapter 11 Trustee**") in both Rooftop Services [Docket No. 50 in Case No. 19-44235] and Rooftop USA [Docket No. 60 in Case No. 19-44234] cases.

F.      On May 27, 2020, the Court entered an Order Granting Unopposed Motion for Joint Administration of the Chapter 11 Cases of the Debtors under the case for Rooftop International at Case No. 19-43402-mxm [Docket No. 204].

G.      After due notice and a hearing held on June 16, 2020, the Court entered its Order (the "**Disclosure Statement Order**") [Docket No. 216], (I) Approving Disclosure Statement (the "**Disclosure Statement**"); (II) Approving the Procedures to Solicit Acceptances the Plan of Reorganization/Liquidation; and (III) Scheduling a Hearing and Establishing Notice and Objection Procedures for Confirmation of the Plan of Reorganization/Liquidation of Rooftop Group International Pte. Ltd., Rooftop Group USA, Inc. and Rooftop Group Services (US) Inc. Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Official Committee of Unsecured Creditors of Rooftop Group International Pte. Ltd. and the Chapter 11 Trustee of Rooftop Group USA, Inc. and Rooftop Group Services (US) Inc. [Docket No. 222] (together with all exhibits, any amendments to or modifications thereto, the "**Plan**", as it is defined in Article 1.58), that, among other things, (i) approved the Disclosure Statement for the Plan as containing "adequate information" about the Plan within the meaning of section 1125 of the Bankruptcy Code; (ii) established July 28, 2020 at 5:00 PM (CST) as the deadline to vote to accept or reject the Plan (the "**Voting Deadline**") unless extended by the Committee; (iii) established July 28, 2020 at 5:00 PM

(CST) as the deadline to file and serve objections to the Plan (the "**Objection Deadline**"); and (iv) scheduled a hearing to consider confirmation of the Plan on August 4, 2020 at 1:30 PM (CST) (the "**Confirmation Hearing**"). Thereafter, the Committee and Chapter 11 Trustee commenced their solicitation of votes to accept or reject the Plan.

H.      The manner in which votes were solicited in respect of the Plan is described in the Certificate of Service, dated June 25, 2020 [Docket No. 224] (the "**Solicitation COS**"). Specifically, the Solicitation COS provides that the Disclosure Statement and Plan, together with the additional solicitation materials approved by the Court in the Disclosure Statement Order, were transmitted to each Creditor entitled to vote to accept or reject the Plan (the "**Solicitation Packages**").

I.      On July 21, 2020, the Committee filed the *Notice of Filing of Plan Supplement Related to the Plan* (the "**First Plan Supplement**") [Docket No. 232], containing: (i) the Litigation Trust Agreement; and (ii) Initial List of Causes of Action; and (iii) Amendments to Sections 1.47 and 1.60 of the Plan.

J.      On July 30, 2020, the Committee filed the Certification of Tabulation of Ballots with Respect to the Vote on the Plan by James E. Van Horn (the "**Van Horn Certification**") [Docket No. 238] which summarizes the certified results from the Plan solicitation process.

K.      No objections or responses to the Plan were filed or served on the Plan proponents by the Objection Deadline.

L.      On August 11, 2020, the Committee filed the Notice of Filing Second Plan Supplement Related to the Plan (the "**Second Plan Supplement**" and together with the First Plan Supplement, the "**Plan Supplements**") [Docket No. 245] containing (i) the Litigation Trust Agreement; (ii) Initial Causes of Action, Categories of Causes of Action and Potential Defendants;

(iii) Non-material Plan amendments; (iv) Post-Confirmation Debtor Funding Projections; (v) Litigation Trust Oversight Board Members; (vi) Oversight Committee Members; (vii) Board of Directors Members of Rooftop Holding Company and Rooftop Group Services (US) Inc.; and (viii) Initial Officer of Rooftop Holding Company and Rooftop Group Services (US) Inc.

M.      On August 11, 2020, the Committee filed the Declaration of James C. Leda in Support of the Plan (the "**Leda Declaration**") [Docket No. 246].

N.      On August 12, 2020, the Court held the Confirmation Hearing.

**NOW, THEREFORE,** the Court having reviewed and considered the Disclosure Statement, the Plan, the Solicitation COS, the Plan Supplements, the Leda Declaration and the Van Horn Certification; and the Court having heard statements of counsel in support of confirmation of the Plan at the Confirmation Hearing; and upon the record, including evidence introduced and testimony proffered or otherwise provided at the Confirmation Hearing; and the Court having considered any objections to confirmation and any responses thereto; and the Court having taken judicial notice of the papers and pleadings on file in the Chapter 11 Cases; and it appearing to the Court that the legal and factual bases set forth in all pleadings filed in support of confirmation and presented at the Confirmation Hearing establish just cause for the relief granted herein; and after due deliberation thereon and good cause appearing therefor, the Court hereby makes and issues the following findings of fact and conclusions of law and order:

## II.      FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A.**      Jurisdiction, Venue and Other Matters[2]

1.      Incorporation of the Recitals. Each of the foregoing Recitals shall be, and hereby is, incorporated herein as a Finding of Fact.

---

[2] Headings to sections and paragraphs in this Confirmation Order are inserted for convenience of reference only and are not intended to affect the interpretation of this Confirmation Order.

2.    Exclusive Jurisdiction: Venue: Core Proceeding. The Court has subject matter jurisdiction over this proceeding and the Chapter 11 Cases pursuant to 28 U.S.C. §§ 157 and 1334. Confirmation is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and this Court has jurisdiction to enter a final order with respect thereto. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code, and thus, whether the Plan should be confirmed.

3.    Objections Overruled. Any resolution of an objection to confirmation of the Plan explained on the record at the Confirmation Hearing is hereby incorporated by reference. All unresolved objections to confirmation and joinders therein, statements in opposition, and reservations of rights are hereby overruled on the merits for the reasons set forth on the record at the Confirmation Hearing.

4.    Burden of Proof. In accordance with section 1121(a) of the Bankruptcy Code, the Committee and Chapter 11 Trustee, as proponents of the Plan, have met their burden of proving the elements of section 1129 of the Bankruptcy Code by a preponderance of the evidence, which is the applicable evidentiary standard for confirmation of the Plan.

5.    Transmittal of Solicitation Packages. The Solicitation Packages were transmitted and served in compliance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the Bankruptcy Court, and the Disclosure Statement Order as evidenced by the Solicitation COS. Such transmittal and service of the Solicitation Packages was adequate and sufficient.

6.    Notice of the Confirmation Hearing and Voting Deadline. As evidenced by the Solicitation COS, notice of the Confirmation Hearing and the Voting Deadline was appropriately

mailed to holders of Claims against the Debtors, holders of Interests in the Debtors and other parties in interest. Accordingly, adequate and sufficient notice of the Confirmation Hearing and the Voting Deadline was given in compliance with the Bankruptcy Code, the Bankruptcy Rules and the Disclosure Statement Order, and no other or further notice was, is, or shall be required.

7. <u>Votes on the Plan</u>. Votes for acceptance or rejection of the Plan were solicited in good faith, and such solicitation complied with sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, all other applicable provisions of the Bankruptcy Code, and the Disclosure Statement Order. As evidenced by the Van Horn Certification, ballots were tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, and the Disclosure Statement Order.

8. <u>Plan Supplements</u>. The Committee caused the Plan Supplements to be filed with the Court in compliance with the terms of the Plan. The documents included in the Plan Supplements were provided in good faith. The filing and notice of the Plan Supplements was good and proper and in compliance with the Bankruptcy Code, the Bankruptcy Rules, and the Disclosure Statement Order.

**B.** Compliance with the Applicable Provisions of the Bankruptcy Code

9. <u>The Plan's Compliance with the Applicable Provisions of the Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>. As set forth below, the Plan complies with all, and is not inconsistent with, the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

a. <u>Proper Classification of Claims and Interests (11 U.S.C. §§ 1122 and 1123(a)(1))</u>. In addition to Administrative Claims and Priority Tax Claims, which need not be classified, the Plan designates three Classes of Claims and one Class of Interests. The

Claims or Interests placed in each Class are substantially similar to the other Claims or Interests, as the case may be, in such Class. Valid business, factual and legal reasons exist for separately classifying the various categories of Claims and Interests created under the Plan, the classifications were not done for any improper purpose and the creation of such Classes does not unfairly discriminate between or among holders of Claims or Interests. Thus, the Plan satisfies the requirements of sections 1122 and 1123(a)(1) of the Bankruptcy Code.

      b.      <u>Specification of Unimpaired Classes (11 U.S.C. § 1123(a)(2))</u>. Article III of the Plan specifies that Class 1 is unimpaired under the Plan, thereby satisfying section 1123(a)(2) of the Bankruptcy Code.

      c.      <u>Specification of Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))</u>. Article III of the Plan specifies that each of Classes 2, 3 and 4 are Impaired under the Plan and specifies the treatment of Claims and Interests in those Classes, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

      d.      <u>Equal Treatment within Classes (11 U.S.C. § 1123(a)(4))</u>. The Plan provides for the same treatment for each Claim or Interest in a particular Class, as the case may be, unless the holder of a particular Claim or Interest in such Class has agreed to less favorable treatment of its Claim or Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

      e.      <u>Implementation of Plan (11 U.S.C. § 1123(a)(5))</u>. The Plan and Plan Supplements provide adequate and proper means for implementation of the Plan, including, without limitation, Article V (Means for Plan Implementation; General); Article VI (Means for Plan Implementation; Restructuring); Article VII (Means for Plan

Implementation; Liquidation); Article VIII (Distributions); and Article XI (Retention of Jurisdiction). Accordingly, the requirements of section 1123(a)(5) of the Bankruptcy Code are satisfied.

        f.      Prohibition on Issuance of Nonvoting Equity Securities (11 U.S.C. § 1123(a)(6)). Section 12.14 of the Plan provides that the Debtors shall comply with the provisions of section 1123(a)(6) of the Bankruptcy Code. Accordingly, the requirements of section 1123(a)(6) of the Bankruptcy Code are satisfied.

        g.      The Plan's Provisions Regarding Directors, Officers and Litigation Trustee are Consistent with the Interests of Creditors and Interest Holders and Public Policy (11 U.S.C.§ 1123(a)(7)). The Directors, Officers and the Litigation Trustee, as applicable, of the Post-Confirmation Debtor as of the Effective Date are disclosed in the Plan Supplements. In light of the foregoing, the requirements of section 1123(a)(7) of the Bankruptcy Code have been satisfied.

        h.      Future Income (11 U.S.C. § 1123(a)(8)). Section 1123(a)(8) of the Bankruptcy Code is not applicable to the Plan because none of the Debtors are individuals.

    10.      The Committee's and Chapter 11 Trustee's Compliance with the Applicable Provisions of the Bankruptcy Code (11 U.S.C. § 1129(a)(2)). The Committee and Chapter 11 Trustee, as proponents of the Plan, have complied with all applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code. Specifically, (a) Rooftop International's exclusivity period to file a chapter 11 plan under section 1121(b) of the Bankruptcy Code expired on November 26, 2019; (b) the Committee and Chapter 11 Trustee are proper proponents of the Plan under section 1121(c) of the Bankruptcy Code; (c) the Committee and Chapter 11 Trustee have complied with applicable provisions of the Bankruptcy Code, except as

otherwise provided or permitted by orders of the Court, and (d) as stated above, the Committee and Chapter 11 Trustee have complied with the applicable provisions of the Bankruptcy Code, including sections 1125 and 1126, the Bankruptcy Rules, and the Disclosure Statement Order in transmitting the Solicitation Packages and in soliciting and tabulating votes on the Plan.

11. <u>The Committee's and Chapter 11 Trustee's Compliance with Bankruptcy Rule 3016</u>. The Plan is dated and identifies the entities submitting and filing it, thereby satisfying Bankruptcy Rule 3016(a). The filing of the Disclosure Statement with the Clerk of the Court satisfies Bankruptcy Rule 3016(b).

12. <u>The Committee's Compliance with Bankruptcy Rule 3017</u>. The Committee has given notice of the Confirmation Hearing as required by Bankruptcy Rule 3017(d) and the Disclosure Statement Order. The transmittal and service of the Solicitation Packages was (i) in compliance with the Disclosure Statement Order and (ii) sufficient under the Bankruptcy Rules, the Bankruptcy Code, and the facts and circumstances of the Chapter 11 Cases.

13. <u>The Committee's and Chapter 11 Trustee's Compliance with Bankruptcy Rule 3018</u>. The solicitation of votes to accept or reject the Plan from holders of Claims and Interests in Classes entitled to vote to accept or reject the Plan as of the Voting Record Date (as defined in the Disclosure Statement Order) satisfies Bankruptcy Rule 3018. Votes to accept or reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules and the Disclosure Statement Order.

14. <u>The Committee and Chapter 11 Trustee Proposed the Plan in Good Faith (11 U.S.C. § 1129(a)(3))</u>. The Committee and Chapter 11 Trustee have proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. In determining that the Plan has been proposed in good faith, the Court has examined the totality

of the circumstances surrounding the filing of the Chapter 11 Cases, the Plan itself and the process leading to its formulation. The Plan was proposed with the legitimate and honest purpose of reorganizing or liquidating the Debtors' assets and liabilities. The Plan achieves two of the primary objectives underlying a chapter 11 bankruptcy:the resolution of disputed claims and distribution of value to creditors. Therefore, the Committee and Chapter 11 Trustee have proposed the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code.

15.     <u>Bankruptcy Court Approval of Certain Payments as Reasonable (11 U.S.C. § 1129(a)(4))</u>. The Plan complies with section 1129(a)(4) of the Bankruptcy Code because any payment made or to be made by the Debtors for services or for costs and expenses in or in connection with the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, has been approved by the Court or is subject to the approval of the Court as reasonable.

16.     <u>Disclosure of All Necessary Information Regarding Directors and Officers is Consistent with the Interests of Creditors and Interest Holders and Public Policy (11 U.S.C. § 1129(a)(5))</u>. The Plan satisfies the requirements of section 1129(a)(5) of the Bankruptcy Code. The Plan Supplements disclose the identities of the Litigation Trustee, Plan Administrator and proposed initial directors and officer(s) of the Post-Confirmation Debtor, to the extent that information is known. The appointment of the Litigation Trustee, Plan Administrator, directors and officer(s) identified in the Plan Supplements is consistent with the best interests of the holders of Claims against, and Interests in, the Debtors and with public policy.

17.     <u>Government Regulatory Control over Rate Changes (11 U.S.C. § 1129(a)(6))</u>. Section 1129(a)(6) of the Bankruptcy Code does not apply because the Plan does not provide for any changes in rates over which a governmental regulatory commission has jurisdiction.

18.     <u>Best Interests of Creditors Test (11 U.S.C. § 1129(a)(7))</u>. The Plan satisfies the

requirements of section 1129(a)(7) of the Bankruptcy Code. The liquidation analysis contained in the Disclosure Statement and other evidence proffered or adduced at the Confirmation Hearing (i) are reasonable, persuasive, credible, and accurate as of the dates such analysis or evidence was prepared, presented or proffered, (ii) utilize reasonable and appropriate methodologies and assumptions, (iii) have not been successfully challenged or controverted by other evidence or objection, and (iv) establish that each holder of a Claim or Interest in an Impaired Class either (x) has voted to accept the Plan (as evidenced by the Van Horn Certification) or (y) will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date of the Plan, that is not less than the amount that it would have received if the Debtors were liquidated on the Effective Date under chapter 7 of the Bankruptcy Code.

19.    <u>Acceptance or Rejection of the Plan by Certain Classes (11 U.S.C. § 1129(a)(8))</u>. As set forth in the Van Horn Certification, the percentage of holders of Claims and Interests in Impaired Classes entitled to vote on the Plan that voted to accept or reject the Plan is as follows:

| **CLASSES** | **TOTAL BALLOTS RECEIVED** | | | |
| --- | --- | --- | --- | --- |
| | <u>Accept</u> | | <u>Reject</u> | |
| | <u>Percentage Accepting (Dollar Amount</u> | <u>Percentage Accepting (Number of Claims)</u> | <u>Percentage Rejecting (Dollar Amount)</u> | <u>Percentage Rejecting (Number of Claims)</u> |
| <u>Class 2 – Secured Claims</u> | <u>100% ($6,821,599.17)</u> | <u>100% (1)</u> | <u>0% (N/A)</u> | <u>0% (N/A)</u> |
| <u>Class 3 - General Unsecured Claims</u> | <u>100% ($36,615,066.60)</u> | <u>100% (11)</u> | <u>0% (N/A)</u> | <u>0% (N/A)</u> |

Accordingly, Classes 2 and 3 have all accepted the Plan pursuant to section 1126(c) of the Bankruptcy Code. Class 1, which is Unimpaired, is conclusively presumed to have accepted

the Plan under section 1126(f) of the Bankruptcy Code. Thus, the requirements of section 1129(a)(8) of the Bankruptcy Code have been satisfied.

20.     Treatment of Claims Entitled to Priority (11 U.S.C. § 1129(a)(9)). The Plan complies with section 1129(a)(9) of the Bankruptcy Code because it provides for treatment of Allowed Administrative Claims, Allowed Priority Tax Claims, and Allowed Priority Non-Tax Claims entitled to priority pursuant to section 507 of the Bankruptcy Code in the manner required by section 1129(a)(9) of the Bankruptcy Code. Notwithstanding any provision in the Plan or Litigation Trust Agreement, including but not limited to section 7.3 of the Plan and the Trust Distribution Procedures contained in Exhibit 1 to the Litigation Trust Agreement, Reed Smith LLP may opt out of any such distribution procedure and timing of such distributions of Allowed Fee Claims and retains its right to require payment in full of any Allowed Fee Claim it may ultimately hold upon the later of the (i) the Effective Date, and (ii) ten (10) calendar days after the date upon which the order relating to the allowance of any such Administrative Claim is entered.

21.     Acceptance of at Least One Impaired Class (11 U.S.C. § 1129(a)(10)). As set forth in the Van Horn Certification, Classes 2 and 3 voted to accept the Plan in accordance with section 1126 of the Bankruptcy Code. Classes 2 and 3, therefore, qualify as impaired accepting Classes and, without considering Class 4 (Interests), satisfy the requirements of section 1129(a)(10) of the Bankruptcy Code.

22.     Feasibility of the Plan (11 U.S.C. § 1129(a)(11)). The Plan satisfies section 1129(a)(11) of the Bankruptcy Code because the Post-Confirmation Debtor will have sufficient liquidity and other financial wherewithal on the Effective Date to allow the Post-Confirmation Debtor to substantially consummate the Plan. The Post-Confirmation Debtor will have sufficient monies and assets available and existing on the Effective Date to implement the Plan and make all

distributions contemplated under the Plan. Further, the transfer of the Post-Confirmation Debtor Assets pursuant to the Plan, along with the Financing Commitment included in the Second Plan Supplement, is sufficient to fund the anticipated operation of the Post-Confirmation Debtor. The evidence proffered or adduced at the Confirmation Hearing in support of feasibility of the Plan (i) is reasonable, persuasive, credible, and accurate, and (ii) has not been challenged or controverted by any other evidence. Confirmation of the Plan is not likely to be followed by the liquidation or further reorganization of the Post-Confirmation Debtor. Accordingly, the Plan satisfies section 1129(a)(11) of the Bankruptcy Code.

23. <u>Payment of Bankruptcy Fees (11 U.S.C. § 1129(a)(12))</u>. In accordance with section 1129(a)(12) of the Bankruptcy Code, Section 12.12 of the Plan provides that all fees payable pursuant to 28 U.S.C. § 1930(a) shall be paid by the Litigation Trustee or the Plan Administrator, as applicable, for each quarter (including any fraction thereof) until the Chapter 11 Cases are converted, dismissed, or a Final Decree is issued, whichever occurs first. As a result, the requirements of section 1129(a)(12) of the Bankruptcy Code have been satisfied.

24. <u>Retiree Benefits (11 U.S.C. § 1129(a)(13)</u>. Section 12.15 of the Plan provides that the Post-Confirmation Debtor will continue to pay retiree benefits (as that term is defined in section 1114 of the Bankruptcy Code), if any, from and after the Effective Date. Accordingly, section 1129(a)(13) of the Bankruptcy Code is inapplicable to the Chapter 11 Cases.

25. <u>Post-petition Domestic Support Obligations and Disposable Income (11 U.S.C. § 1129(a)(14) and (15))</u>. Sections 1129(a)(14) and (15) of the Bankruptcy Code impose certain requirements on individual chapter 11 debtors. As the Debtors are corporate entities, sections 1129(a)(14) and (15) of the Bankruptcy Code are not implicated by the Plan.

26. <u>Transfers of Property by Nonprofit Entities (11 U.S.C. § 1129(a)(16))</u>. Section

1129(a)(16) of the Bankruptcy Code imposes certain requirements on corporations or trusts that are not a moneyed, business or commercial corporation. As none of the Debtors are a corporation that is not a moneyed, business, or commercial corporation, section 1129(a)(16) of the Bankruptcy Code is not implicated by the Plan.

27. <u>Satisfaction of Confirmation Requirements</u>. For all of the above reasons, the Plan satisfies the requirements for confirmation set forth in section 1129(a) of the Bankruptcy Code.

28. <u>Only One Plan (11 U.S.C. § 1129(c))</u>. Other than the Plan previously filed by the Committee in the Rooftop International case on December 23, 2019 [Docket No. 151], and as amended on February 16, 2020 [Docket No. 177] and on February 25, 2020 [Docket No. 182], no other plan has been filed in the Chapter 11 Cases. Accordingly, the requirements of section 1129(c) of the Bankruptcy Code have been satisfied.

29. <u>Principal Purpose (11 U.S.C. § 1129(d))</u>. The principal purpose of the Plan is neither the avoidance of taxes nor the avoidance of section 5 of the Securities Act of 1933 (the "**Securities Act**"), and no Governmental Unit (as defined in section 101(27) of the Bankruptcy Code) has requested that the Court deny confirmation of the Plan on the grounds that the principal purpose of the Plan is the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act. The Plan, therefore, satisfies the requirements of section 1129(d) of the Bankruptcy Code.

30. <u>Good Faith Solicitation (11 U.S.C. § 1125(e))</u>. Based upon the record before the Court, the Committee, Chapter 11 Trustee, and their members, managers, counsel and advisors have solicited votes on the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and the Exculpation Provisions as set forth in Section 12.7 of the Plan and the

Voluntary Releases as set forth in Section 12.8 of the Plan.

C.    **Other Findings**

31.    <u>Substantive Consolidation</u>.  Based upon the evidence introduced and testimony proffered or otherwise provided at the Confirmation Hearing, just cause has been established for the substantive consolidation of the Estates and the Chapter 11 Cases as set forth in Section 5.3 of the Plan.

32.    <u>Releases, Exculpation, and Injunction</u>. Each of the voluntary release, exculpation, and injunction provisions set forth in Article XII of the Plan: (a) is within the jurisdiction of the Court under 28 U.S.C. § 1334; (b) is an essential means of implementing the Plan pursuant to section 1123(a)(5) of the Bankruptcy Code; (c) is an integral element of the resolution of the Chapter 11 Cases, and the reorganization of the Debtors, in accordance with the Plan and the failure to effect such provision would seriously impair the Debtors' ability to confirm the Plan; (d) confers material benefits on, and is in the best interests, of the Debtors, the Debtors' Estates, and holders of Claims and Interests; (e) is, *inter alia*, important to the overall objectives of the Plan; and (f) is consistent with sections 105, 1123, 1129, and other applicable sections of the Bankruptcy Code. The record of the Confirmation Hearing and the Chapter 11 Cases is sufficient to support the voluntary release, exculpation, and injunction provisions contained in Article XII of the Plan.

33.    <u>Executory Contracts and Unexpired Leases</u>. The Committee and Chapter 11 Trustee have exercised reasonable business judgment in determining to assume or reject executory contracts and unexpired leases pursuant to Article IX of the Plan. Pursuant to the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code, any and all pre-petition leases or executory contracts not previously rejected by a Debtor, unless (i) specifically assumed pursuant to order(s) of the Court prior to the Confirmation Date; or (ii) is the subject of a motion to assume

or assume and assign pending on the Confirmation Date; or (iii) is expressly identified on the Assumption Schedule, shall be deemed rejected by such Debtor on the Confirmation Date; provided, however, that nothing in the Plan shall cause the rejection, breach, or termination of any contract of insurance benefiting a Debtor or its Estate.

34.   Vesting of Assets in the Litigation Trust and Post-Confirmation Debtor. Pursuant to Section 5.4 of the Plan, on the Effective Date, all Causes of Action shall be transferred to and vest in the Litigation Trust and administered by the Litigation Trustee.  Pursuant to Sections 6.9 and 7.2 of the Plan, except for Causes of Action and as otherwise provided in the Plan or any agreement, instrument, or other document incorporated in the Plan, on the Effective Date, all property in each Estate and any property acquired by the Debtors under the Plan shall vest in the Post-Confirmation Debtor free and clear of all Liens, Claims, charges, or other encumbrances except that any property of any of the Debtors' Estates that is collateral securing all valid and properly perfected Liens that were in existence immediately prior to the Petition Date held by Triumphant Gold Limited shall not vest in the Post-Confirmation Debtor free and clear of all Liens, Claims, charges, or other encumbrances, and shall remain in full force and effect on and after the Effective Date as they existed immediately prior to the Petition Date.

35.   Implementation of the Plan. Pursuant to section 1142(b) of the Bankruptcy Code, no action of any of the Committee, Chapter 11 Trustee or the Debtors (or any of their members, officers, employees or agents acting on their behalf) will be required (a) to authorize the Committee, Chapter 11 Trustee or the Debtors (or any of their members, officers, employees or agents acting on their behalf) to effectuate and carry out the Plan or any order of the Court relating thereto, (b) to consummate the transactions contemplated by the Plan or this Confirmation Order, or (c) to take any other action contemplated by the Plan or this Confirmation Order as may be

necessary and appropriate to fully effectuate the intent and purposes hereof and thereof, and all such actions hereby are or will be deemed to have been taken or done with like effect as if they have been duly authorized or approved by unanimous actions of such members, officers, employees or agents, as appropriate.

III.    ORDER

A.    Confirmation of the Plan

1.    Approval and Confirmation of the Plan. The Plan, which is annexed hereto as **Exhibit 1** shall be, and hereby is, **APPROVED** and **CONFIRMED** pursuant to section 1129 of the Bankruptcy Code

2.    The provisions of the Plan and of this Confirmation Order shall be construed in a manner consistent with each other so as to effect the purpose of each; provided, however, that if there is determined to be any inconsistency between any Plan provision and any provision of this Confirmation Order that cannot be reconciled, then, solely to the extent of such inconsistency, the provisions of this Confirmation Order shall govern and any such provision of this Confirmation Order shall control and take precedence. The provisions of this Confirmation Order are integrated with each other and are non-severable and are mutually dependent. All capitalized terms not otherwise defined in this Confirmation Order shall be given the meaning assigned to them in the Plan.

3.    The Plan and this Confirmation Order will be effective and binding on all parties in interest in the Chapter 11 Cases.

4.    The failure to include or refer to any particular article, section, or provision of the Plan, Plan Supplements, or any related document or exhibit does not impair the effectiveness of that article, section, or provision; it being the intent of the Court that the Plan, Plan Supplements,

and any related document or exhibit are all approved in their entirety.

5.      The Committee, Chapter 11 Trustee, Debtors and all other appropriate parties shall be, and hereby are, authorized and directed to: (a) take all actions necessary or appropriate to enter into, implement and consummate the Plan and any other contracts, instruments, releases, and other agreements created in connection with the Plan or referred to therein, all of which Plan documents and such other contracts, instruments, releases, and other agreements shall be, and hereby are, approved; (b) to take such other steps to perform such other acts as may be necessary to implement and effectuate the Plan and such other contracts, instruments, releases, and other agreements; and (c) to execute and deliver any instrument and perform any other act that is necessary for the consummation of the Plan and such other contracts, instruments, releases, and other agreements, in accordance with section 1142(b) of the Bankruptcy Code, without further application to, or order of the Court, or further action by the respective members, officers, or managers, as appropriate, and with the effect that such actions have been taken by unanimous action of such members, officers, or managers, as appropriate.

6.      <u>Objections</u>. To the extent any objections (including any reservations of rights contained therein) to Confirmation have not been withdrawn, waived, or settled prior to entry of this Confirmation Order, are not cured by the relief granted in this Confirmation Order, or have not been otherwise resolved as stated by the Committee and Chapter 11 Trustee on the record at the Confirmation Hearing, all such objections (including any joinder or reservation of rights therein) are hereby overruled on the merits.

7.      <u>Findings of Facts and Conclusions of Law</u>. This Confirmation Order constitutes this Court's findings of fact and conclusions of law under Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014. All findings of fact

shall constitute findings of fact even if stated as conclusions of law, and all conclusions of law shall constitute conclusions of law even if stated as findings of fact. To the extent any findings of fact or conclusions of law set forth in this Confirmation Order (including any findings of fact or conclusions of law announced by the Court at the Confirmation Hearing and incorporated herein) constitutes an order of this Court, they are adopted as such.

8.  <u>Notice and Solicitation of Votes</u>. Through service of the Confirmation Hearing Notice (as defined in the Disclosure Statement Order), as evidenced by the Solicitation COS, holders of Claims and Interests in the Debtors and all other parties in interest received adequate and sufficient notice of the Voting Deadline (as defined in the Disclosure Statement Order), the Objection Deadline (as defined in the Disclosure Statement Order), and the Confirmation Hearing. The Committee's and Chapter 11 Trustee's solicitation of votes as described in the Solicitation COS and Van Horn Certification, was appropriate and done in good faith. Accordingly, the Committee and Chapter 11 Trustee have complied with the applicable notice and solicitation provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Disclosure Statement Order.

9.  <u>Binding Effect</u>. The Plan and its provisions shall be binding on the Debtors, the Post-Confirmation Debtor, the Litigation Trustee, the Litigation Trustee and any Entity acquiring or receiving property or a Distribution under the Plan, and all holders of Claims or Interests (irrespective of whether such Claims or Interests are deemed to have accepted the Plan), all Entities that are parties to or are subject to the settlements, compromises, releases, discharges, and injunctions described in the Plan, and any and all non-Debtor parties to executory contracts and unexpired leases with any Debtors.

10.  <u>Implementation</u>. On and after the Effective Date, the Committee, Chapter 11 Trustee, the Post-Confirmation Debtor and the Litigation Trustee are authorized to (i) execute,

deliver, file, or record such documents, contracts, instruments, releases, and other agreements to consummate the transactions contemplated pursuant to, and as provided for in, the Plan; (ii) make any and all transfers contemplated pursuant to, and as provided for in, the Plan; and (iii) take such other actions as may be necessary to effectuate, implement, and further evidence the terms and conditions of the Plan

11.     <u>Effectiveness of Plan Provisions</u>. Each term and provision of the Plan, as approved by this Confirmation Order, is binding, valid, and enforceable pursuant to its terms.

12.     <u>Execution by Third Parties</u>. Each and every federal, state and local governmental agency or department shall be, and hereby is, directed to accept, and lessors and holders of liens are directed to execute, any and all documents, instruments or amendments necessary and appropriate to consummate the transactions contemplated by the Plan, including without limitation, documents, instruments or amendments for recording in county and state offices in order to effectuate the Plan.

13.     <u>Payment of Statutory Fees</u>. All fees payable pursuant to 28 U.S.C. § 1930(a) shall be paid by the Litigation Trustee for each quarter (including any fraction thereof) until the Chapter 11 Cases are converted, dismissed, or a Final Decree is issued, whichever occurs first.

14.     <u>Governmental Approvals Not Required</u>. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules or regulations of any State or any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan, the Disclosure Statement, and any other documents, instruments or agreements contained therein, and any amendments or modifications of any of the foregoing.

15.     <u>Release of Liens</u>. Except as otherwise provided in this Confirmation Order, the Plan, or any contract, instrument, release, or other agreement or document created pursuant to the Plan, on the Effective Date and concurrently with the applicable Distributions made pursuant to the Plan, any lien, mortgage, deed of trust, pledge, or other security interest securing any Secured Claim shall be deemed fully released, settled, and compromised and the holder of such Secured Claim shall be authorized and directed to release any collateral or other property of the Debtors held by such holder and to take such actions as may be requested by the Post-Confirmation Debtor or the Litigation Trustee, as applicable, to evidence the release of such lien, including, without limitation, the execution, delivery, filing, or recording of such releases as may be requested by the Post-Confirmation Debtor or the Litigation Trustee as applicable. The filing of this Confirmation Order with any federal, state, provincial or local agency or department shall constitute good and sufficient evidence of, but shall not be required to effect, the termination of such liens, Claims, and other interests described above. Any Entity holding such liens, Claims, or interests shall, pursuant to section 1142 of the Bankruptcy Code, promptly execute and deliver such instruments of termination, release, satisfaction, and/or assignment (in recordable form) as may be reasonably requested by the Post-Confirmation Debtor or the Litigation Trustee, as applicable.

16.     <u>Restructuring Transactions</u>. On or after the Effective Date, the Post-Confirmation Debtor and the Litigation Trustee, as applicable, may engage or take such actions as may be necessary or appropriate to effect the Restructuring Transactions.  The Post-Confirmation Debtor and the Litigation Trustee, as applicable, are hereby authorized to execute and deliver such contracts, instruments, certificates, agreements and documents to make such filings under applicable law and to take such other actions as any appropriate officer may determine to be

necessary, appropriate or desirable to effectuate the Restructuring Transactions. Each appropriate member, officer, or manager of the Post-Confirmation Debtor and Litigation Trustee, as applicable, is authorized to execute, deliver, file and have recorded any of the aforementioned documents and to take such other actions on behalf of the Post-Confirmation Debtor or the Litigation Trustee, as applicable, as such person may determine to be required, appropriate or desirable under applicable law in connection with the Restructuring Transactions, and the appropriate members, officers, or managers of Post-Confirmation Debtor or the Litigation Trustee, as applicable, are authorized to certify or attest to any of the foregoing actions. The execution and delivery or filing of any of the aforementioned documents, or the taking of any such action shall be deemed conclusive evidence of the authority of such person to so act. Each federal, state, provincial and local governmental agency or department is authorized and directed to accept the filing of any of the aforementioned documents. This Confirmation Order is declared to be in recordable form and shall be accepted by any filing or recording officer or authority of any applicable governmental authority or department without any further orders, certificates or other supporting documents.

17.     <u>Exemption from Securities Laws</u>. The offering, issuance, and distribution of any Interests in the Post-Confirmation Debtor or any other successor entity or newly-formed entity is exempt from the provisions of section 5 of the Securities Act, and any state or local law requiring registration for the offer, issuance, or distribution of a security by reason of section 1145(a) of the Bankruptcy Code.

18.     <u>Exemption from Transfer Taxes</u>. Pursuant to section 1146(a) of the Bankruptcy Code, (a) the issuance, distribution, transfer, or exchange of any debt, equity security, or other interest in the Post-Confirmation Debtor and the Litigation Trust; (b) the creation, modification,

consolidation, termination, refinancing, and/or recording of any mortgage, deed of trust, or other security interest, or the securing of additional indebtedness by such or other means; (c) the making, assignment, or recording of any lease or sublease; and/or (d) the making, delivery, or recording of any deed or other instrument of transfer under, in furtherance of, or in connection with, the Plan, including any deeds, bills of sale, assignments, or other instrument of transfer executed in connection with any transaction arising out of, contemplated by, or in any way related to the Plan shall not be subject to any stamp, real estate transfer, mortgage recording, or other similar tax to which the exemption under section 1146 of the Bankruptcy Code applies.

**B.**     The Exculpation, Voluntary Releases, Injunction, and Related Provisions

19.     Exculpation.  The exculpation provisions set forth in Section 12.7 of the Plan are hereby approved.

20.     Voluntary Releases.  The Voluntary Releases set forth in Section 12.8 of the Plan are hereby approved.

21.     The Injunction.  The injunction provisions set forth in Section 12.9 of the Plan are hereby approved.

**C.**     Effects of Plan Confirmation

22.     Administrative Claims Bar Date.  All requests for payment of Administrative Claims, other than Fee Claims and Claims for fees pursuant to 28 U.S.C. § 1930, must be filed with the Court and served on counsel for the Post-Confirmation Debtor and the Litigation Trustee, by no later than **thirty (30) days after the Effective Date.**  Any Person or Entity that is required to file and serve a request for payment of an Administrative Claim and fails to timely file and serve such a request by the Administrative Claims Bar Date shall be forever barred, estopped and enjoined from asserting such Administrative Claim or participating in distributions under the Plan

on account thereof. The Post-Confirmation Debtor and the Litigation Trustee, and any other party with standing shall have the right to object to any Administrative Claim by filing and serving on the appropriate parties, including the claimant, an objection to such an Administrative Claim on or before the Administrative Claims Objection Deadline. Unless the Post-Confirmation Debtor, the Litigation Trustee or another party with standing objects to an Administrative Claim on or before **one hundred twenty (120) calendar days after the Effective Date** (unless extended by Order of the Court) such Administrative Claim shall be deemed an Allowed Administrative Claim in the amount requested.

23. <u>Assumption and Rejection of Executory Contracts and Unexpired Leases</u>. Pursuant to Section 9.1 of the Plan, all pre-petition leases or executory contracts not previously rejected by a Debtor, unless (i) specifically assumed pursuant to order(s) of the Court prior to the Confirmation Date; or (ii) is the subject of a motion to assume or assume and assign pending on the Confirmation Date; or (iii) is expressly identified on the Assumption Schedule, shall be deemed rejected by such Debtor on the Confirmation Date; provided, however, that nothing in this Confirmation Order or the Plan shall cause the rejection, breach, or termination of any contract of insurance benefiting a Debtor or its Estate. Nothing in this Confirmation Order shall constitute or be deemed to impair the Post-Confirmation Debtor's rights to the proceeds of any insurance policies any of the Debtors previously or current maintain. Any pre-petition leases or executory contracts expressly identified on the Assumption Schedule shall be deemed assumed and assigned pursuant to section 365 of the Bankruptcy Code as of the Effective Date.

24. <u>Rejection Damages Claims Bar Date</u>. Pursuant to Section 9.2 of the Plan and this Confirmation Order, if the rejection of any Executory Contract or Unexpired Lease by any of the Debtors as part of the Plan results in a rejection damages Claim by the other party or parties to

such Executory Contract or Unexpired Lease, such a rejection damages Claim shall be barred and unenforceable against the Debtors, the Post-Confirmation Debtor, the Litigation Trust, or their property unless a proof of claim asserting such rejection damages Claim is filed with the Court and served upon the Post-Confirmation Debtor and Litigation Trustee within **thirty (30) days after the mailing of notice of entry of this Confirmation Order.** Unless otherwise ordered by the Court, any such rejection damages Claims shall be treated and solely recoverable as General Unsecured Claims under the Plan.

25.     <u>Plan Classification Controlling</u>. The classification of Claims and Interests in the Debtors for purposes of the distributions to be made under the Plan shall be governed solely by the terms of the Plan. The classifications and amounts of Claims, if any, set forth on the ballots returned by holders of Claims in Classes 2 and 3 in connection with voting on the Plan: (i) were set forth on the ballots solely for purposes of voting to accept or reject the Plan; (ii) do not necessarily represent, and in no event, shall be deemed to modify or otherwise affect the actual amount or classification of such Claims under the Plan for distribution purposes; and (iii) shall not be binding on the Post-Confirmation Debtor or the Litigation Trustee, as applicable.

26.     <u>Setoffs</u>. The Debtors, the Post-Confirmation Debtor, or the Litigation Trustee on or after the Effective Date, as applicable, may, to the extent permitted under applicable law, setoff against any Allowed Claim and the Distributions to be made pursuant to the Plan on account of such Allowed Claim (before any Distribution is made on account of such Allowed Claim), any Claims, rights, and Causes of Action of any nature that the Post-Confirmation Debtor or the Litigation Trustee on or after the Effective Date, as applicable, may hold against the holder of such Allowed Claim, to the extent such Claims, rights, or Causes of Action against such holder have not been otherwise compromised or settled on or prior to the Effective Date (whether pursuant to

the Plan or otherwise); provided, however, that neither the failure to effect such a setoff nor the allowance of any Claim pursuant to the Plan shall constitute a waiver or release by the Debtors, the Post-Confirmation Debtor, or the Litigation Trustee of any such Claims, rights, and Causes of Action that they may possess against such holder.

27. Notice of Entry of the Confirmation Order. Pursuant to Bankruptcy Rules 2002(f)(7), 2002(k) and 3020(c), the Committee shall be, and hereby is, directed to file and serve a notice of entry of this Confirmation Order in substantially the form annexed hereto as **Exhibit 2** (the "**Confirmation Notice**") on all holders of Claims and Interests as of the Voting Record Date (as defined in the Disclosure Statement Order), all Persons and Entities listed on the Debtors' consolidated creditors matrix, the U.S. Trustee and all parties that filed notices of appearance or requests for notices pursuant to Bankruptcy Rule 2002 in the Chapter 11 Cases within fourteen days after entry of the Confirmation Order. Such notice is adequate under the particular circumstances and no other or further notice is necessary.

28. Notice of Effective Date. The Committee shall be, and hereby is, directed to file and serve a notice of the occurrence of Effective Date in substantially the form annexed hereto as **Exhibit 3** (the "**Notice of Effective Date**") on all holders of Claims and Interests as of the Voting Record Date (as defined in the Disclosure Statement Order), all Persons and Entities listed on the Debtors' consolidated creditors matrix, the U.S. Trustee and all parties that filed notices of appearance or requests for notices pursuant to Bankruptcy Rule 2002 in the Chapter 11 Cases within five business days after the occurrence of the Effective Date. Such notice is adequate under the particular circumstances and no other or further notice is necessary. The Notice of Effective Date shall also serve as the notice setting forth the Administrative Claims Bar Date. Such notice of the Administrative Claims Bar Date is adequate under the particular circumstances and no other

or further notice is necessary.

**D.** <u>Resolution of Claims</u>

29. Except as expressly provided for in the Plan or ordered by the Court prior to the Effective Date, no Claim shall become an Allowed Claim unless and until such Claim is deemed Allowed under the Plan or by the Bankruptcy Code or the Court has entered a Final Order allowing such Claim. Any Claim that is not an Allowed Claim shall be determined, resolved or adjudicated in accordance with the terms of the Plan.

**E.** <u>Miscellaneous</u>

30. <u>Substantive Consolidation</u>. For the reasons set forth on the record at the Confirmation Hearing, the evidence introduced and testimony proffered or otherwise provided at the Confirmation Hearing established just cause for the substantive consolidation of the Estates and the Chapter 11 Cases as set forth in Section 5.3 of the Plan.

31. <u>Dissolution of the Committee</u>. On the Effective Date, pursuant to Section 5.7 of the Plan, the Committee shall be dissolved automatically and its members shall be deemed released of all their duties, responsibilities and obligations in connection with the Chapter 11 Cases and the Plan and its implementation, and the retention or employment of the Committee's attorneys, financial advisors, and other agents shall terminate as of the Effective Date; provided, however, such attorneys and financial advisors shall be entitled to pursue their own Fee Claims and represent the Committee in connection with such Fee Claims.

32. <u>Discharge of Chapter 11 Trustee</u>. On the Effective Date, pursuant to Section 5.8 of the Plan, the Chapter 11 Trustee's appointment as Chapter 11 Trustee for Rooftop USA and Rooftop Services shall terminate, and any Professional retained by the Trustee shall be discharged from any further activities in the Chapter 11 Cases, provided, however, that the Chapter 11 Trustee

and any Professional retained by the Chapter 11 Trustee shall be entitled to pursue their own Fee Claims and represent the Chapter 11 Trustee in connection with such Fee Claims.

33.     <u>Finality of Confirmation Order</u>. This Confirmation Order is intended to be a Final Order and the period in which a notice of appeal must be filed shall commence upon the entry of this Confirmation Order on the docket of the Chapter 11 Cases.

34.     <u>Validity of Actions</u>. If any provisions of this Confirmation Order are reversed, modified, vacated, or otherwise altered, such reversal, modification, vacatur, or alteration shall not impact the validity of any actions or obligations taken or incurred under or in connection with the Plan prior to the receipt of such an order, unless such actions or obligations are duly stayed pending appeal.

35.     <u>Substantial Consummation</u>. The Committee, Chapter 11 Trustee and Debtors are authorized to consummate the Plan at any time after the entry of this Confirmation Order subject to satisfaction or waiver (by the required parties) of the conditions precedent to the Effective Date set forth in Article X of the Plan. The substantial consummation of the Plan, within the meaning of section 1101 of the Bankruptcy Code, is deemed to occur on the Effective Date.

36.     <u>Effectiveness of Confirmation Order</u>. This Confirmation Order shall be effective upon the date of its entry, and the requirement that this Confirmation Order be stayed for a period of fourteen (14) days under Bankruptcy Rule 3020(e) shall not apply.

37.     <u>Applicable Non-Bankruptcy Law</u>. Pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code, the provisions of this Confirmation Order, the Plan and any amendments or modifications thereto, duly made in accordance with the terms hereof, shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

38.     _Retention of Jurisdiction_. Notwithstanding the entry of this Confirmation Order and the occurrence of the Effective Date, on and after the Effective Date, this Court shall retain exclusive jurisdiction over all matters arising out of, or related to, the Chapter 11 Cases and the Plan pursuant to Article XI of the Plan.

###END OF ORDER###

Submitted by:

Dated: August 20, 2020

_/s/ Rachael L. Smiley_
Judith W. Ross
State Bar No. 21010670
Rachael L. Smiley
State Bar No. 24066158
ROSS & SMITH, PC
700 North Pearl Street, Suite 1610
Dallas, Texas 75201
Telephone: 214-377-7879
Facsimile: 214-377-9409
Email:   judith.ross@judithwross.com
rachael.smiley@judithwross.com

-and-

James E. Van Horn
(admitted _pro hac vice_)
BARNES & THORNBURG LLP
1717 Pennsylvania Avenue NW, Suite 500
Washington, DC  20006-4623
Telephone: 202-371-6351
Facsimile: 202-289-1330
Email:   jvanhorn@btlaw.com

**COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF ROOFTOP GROUP INTERNATIONAL PTE. LTD.**