Judith W. Ross  
State Bar No. 21010670  
Rachael L. Smiley  
State Bar No. 24066158  
ROSS & SMITH, PC  
700 North Pearl Street, Suite 1610  
Dallas, Texas 75201  
Telephone: 214-377-7879  
Facsimile: 214-377-9409  
Email:   judith.ross@judithwross.com  
               rachael.smiley@judithwross.com  

James E. Van Horn  
(admitted *pro hac vice*)  
BARNES & THORNBURG LLP  
1717 Pennsylvania Avenue NW, Suite 500  
Washington,  DC  20006-4623  
Telephone: 202-371-6351  
Facsimile: 202-289-1330  
Email:   jvanhorn@btlaw.com  

IN THE UNITED STATES BANKRUPTCY COURT  
FOR THE NORTHERN DISTRICT OF TEXAS  
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| Rooftop Group International Pte. Ltd., *et al.*[1] | § | Case No. 19-43402-mxm |
| | § | |
| Debtors. | § | Jointly Administered |

**NOTICE OF ENTRY OF AN ORDER CONFIRMING THE PLAN OF REORGANIZATION/LIQUIDATION OF ROOFTOP GROUP INTERNATIONAL PTE. LTD., ROOFTOP GROUP SERVICES (US), INC.  AND ROOFTOP GROUP USA, INC. PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE PROPOSED BY THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ROOFTOP GROUP INTERNATIONAL PTE. LTD. AND THE CHAPTER 11 TRUSTEE OF ROOFTOP GROUP SERVICES (US), INC.  AND ROOFTOP GROUP USA, INC**.

**PLEASE TAKE NOTICE THAT:**

1.     *Confirmation of the Plan.* On August 24, 2020 the United States Bankruptcy Court for the Northern District of Texas (the "**Bankruptcy Court**") entered an Order (the "**Confirmation Order**") [Docket No. 259] confirming the *Plan of Reorganization/Liquidation of Rooftop Group International Pte. Ltd., Rooftop Group USA, Inc. and Rooftop Group Services (US) Inc. Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Official Committee of Unsecured Creditors of Rooftop Group International Pte. Ltd. and the Chapter 11 Trustee of Rooftop Group USA, Inc. and Rooftop Group Services (US) Inc.* [Docket No. 222-1] (as modified

---

[1] The Debtors in these chapter 11 cases are, including the last four digits of their respective EIN numbers, as follows: Rooftop Group International Pte. Ltd. (no EID), Rooftop Group USA, Inc. (8810) and Rooftop Group Services (US), Inc. (3705).  The mailing address for Rooftop International is 5218 Spruce Street, Bellaire, TX 77401, and the mailing address for the chapter 11 Trustee of Rooftop USA and Rooftop Services is 509 North Montclair Avenue, Dallas, Texas 75208-5498.

and amended in accordance with the terms of the Confirmation Order, the "**Plan**"). Copies of the Confirmation Order and the Plan are available, for a fee, through the Bankruptcy Court's website via PACER at https://www.txnb.uscourts.gov/, or without cost by contacting the undersigned counsel at the addresses below. Unless otherwise defined in this notice, capitalized terms used herein shall have the meanings ascribed to them in the Plan or the Confirmation Order.

2. *Effect of Plan*. Pursuant to section 1141 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**"), except as otherwise provided in the Plan or in the Confirmation Order, and subject to the occurrence of the Effective Date, the provisions of the Plan shall bind any holder of a Claim against, or Interests in, the Debtors and their respective successors and assigns, whether or not the Claim or Interest of such holder is Impaired under the Plan, whether or not such holder has voted to accept the Plan, and whether or not such holder will receive a distribution under the Plan. Accordingly, the Debtors, Committee and Chapter 11 Trustee are authorized to implement the Plan on the Effective Date.

3. *Exculpation*. Section 12.7 of the Plan contains the following exculpation provision:

**Except as otherwise expressly provided by the Plan or the Confirmation Order or other Final Order of the Bankruptcy Court, on the Effective Date, the Exculpated Parties and each of their respective agents, representatives, successors and assigns, shall be deemed released is released and exculpated from any claims, obligations, rights, causes of action and liabilities for any act or omission in connection with, or arising out of, the Chapter 11 Cases, including, without limiting the generality of the foregoing, all sales of assets, the Disclosure Statement, the formulation, dissemination and pursuit of approval of the Disclosure Statement, the formulation, dissemination and pursuit of confirmation of the Plan, the consummation of the Plan or the administration of the Plan or the property to be distributed under the Plan, except for acts or omissions that constitute willful misconduct, gross negligence or fraud, and all such Persons, in all respects, shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under the Plan and under the Bankruptcy Code.**

Section 12.22 of the Plan provides that nothing in the Confirmation Order or the Plan shall be deemed to prevent or release objections by any party to an application for Administrative Claims or Fee Claims filed after entry of the Confirmation Order by any Released Party or Exculpated Party.

4. *Voluntary Releases by the Releasing Parties*. Section 12.8 of the Plan contains the following provision regarding voluntary releases by the Releasing Parties:

**Except as otherwise specifically provided in the Plan, for good and valuable consideration, including the service of the Released Parties to facilitate the reorganization of the Debtors, the implementation of the restructuring contemplated by the Plan, and the compromises contained herein, on and after the Effective Date, to the fullest extent permitted by applicable law, the Releasing Parties (regardless of whether a Releasing Party is a Released Party) will be deemed to conclusively, absolutely, unconditionally, irrevocably, and forever release, waive, and discharge the Released Parties of any and all claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known**

**or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or fixed, existing or hereafter arising, in law, at equity or otherwise, whether for indemnification, tort, contract, violations of federal or state securities laws, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Estates, the conduct of the business of the Debtors, the Chapter 11 Cases, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the restructuring of Claims and Interests before or during the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan, the Plan Supplement, the Disclosure Statement, or, in each case, related agreements, instruments, or other documents, any action or omission as an officer, member, agent, representative, fiduciary, controlling person, affiliate, or responsible party, or upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party to the extent such act or omission is determined by a Final Order to have constituted willful misconduct, gross negligence, fraud, or a criminal act. Nothing in this provision shall be construed or otherwise operate to release any claim or Cause of Action that may be held by the Debtors, the Bankruptcy Estates, or the Reorganized Debtor.**

**Each of the Releasing Parties will be deemed to have granted the releases set forth in this section notwithstanding that such Releasing Party may hereafter discover facts in addition to, or different from, those which it now knows or believes to be true, and without regard to the subsequent discovery or existence of such different or additional facts, and such Releasing Party expressly waives any and all rights that they may have under any statute or common law principle that would limit the effect of such releases to those claims or causes of action actually known or suspected to exist at the time of execution of such release.**

5. *Injunction*. Section 12.9 of the Plan contains the following injunction provision:

**Except as otherwise expressly provided in the Plan, on and after the Confirmation Date, all Entities who have held, hold or may hold Claims against a Debtor or Interests in a Debtor are permanently enjoined from and after the Confirmation Date from: (a) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting a Debtor's Estate, the Post-Confirmation Debtor, or any of the Released Parties, any of their property, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Entities, including without limitation the Litigation Trustee and Plan Administrator, or any property of any such transferee or successor; (b) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting or otherwise recovering by any manner or means whether directly or indirectly, of any judgment, award, decree or order against a Debtor's Estate, the Post-Confirmation Debtor, or any of the Released Parties, any of their property, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to any of the foregoing Entities, including without limitation the Litigation Trustee and Plan Administrator; (c) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against a Debtor's Estate, the Post-Confirmation Debtor, or any of the Released**

**Parties, any of their property, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to any of the foregoing Entities, including without limitation the Litigation and Plan Administrator; (d) asserting any right of setoff, of any kind, directly or indirectly, against any obligation due to a Debtor's Estate, the Post-Confirmation Debtor, or any of the Released Parties, any of their property, or any direct or indirect transferee of any property of, or successor in interest to, any of the foregoing Entities, including without limitation the Litigation Trustee and Plan Administrator; and (e) taking any actions in any place and in any manner whatsoever that do not conform to or comply with the provisions of the Plan. Unless otherwise provided in the Confirmation Order, all injunctions or stays arising under or entered during the Chapter 11 Cases under Sections 105 or 362 of the Bankruptcy Code, or otherwise, that are in existence on the Confirmation Date shall remain in full force and effect until the Effective Date; provided, however, that no such injunction or stay shall preclude enforcement of any interested party's rights under the Plan and the related documents.**

Dated: August 25, 2020

                                                                              */s/ Rachael L. Smiley*
                                                               Judith W. Ross
                                                               State Bar No. 21010670
                                                              Rachael L. Smiley
                                                               State Bar No. 24066158
                                                              ROSS & SMITH, PC
                                                               700 North Pearl Street, Suite 1610
                                                               Dallas, Texas 75201
                                                               Telephone: 214-377-7879
                                                               Facsimile: 214-377-9409
                                                               Email:   judith.ross@judithwross.com
                                                               rachael.smiley@judithwross.com

                                                               -and-

                                                               James E. Van Horn
                                                               (admitted *pro hac vice*)
                                                               BARNES & THORNBURG LLP
                                                               1717 Pennsylvania Avenue NW, Suite 500
                                                               Washington, DC  20006-4623
                                                               Telephone: 202-371-6351
                                                               Facsimile: 202-289-1330
                                                               Email:   jvanhorn@btlaw.com

                                                               **COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ROOFTOP GROUP INTERNATIONAL PTE. LTD.**