Rachael L. Smiley
State Bar No. 24066158
FERGUSON BRASWELL FRASER
KUBASTA PC
2500 Dallas Parkway, Suite 600
Plano, Texas 75093
Telephone: 972-378-9111
Facsimile: 972-378-9115
Email: rsmiley@fbfk.law

James E. Van Horn
(admitted *pro hac vice*)
BARNES & THORNBURG LLP
1717 Pennsylvania Avenue NW, Suite 500
Washington, D.C. 20006-4623
Telephone: 202-371-6351
Facsimile: 202-289-1330
Email: jvanhorn@btlaw.com

COUNSEL FOR THE ROOFTOP GROUP LITIGATION TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | CASE NO. 19-43402-mxm11 |
| | § | |
| Rooftop Group International Pte. Ltd., *et al.*[1] | § | |
| | § | CHAPTER 11 |
| Debtors. | § | |
| | § | Jointly Administered |

**LITIGATION TRUSTEE'S MOTION TO COMPEL (I) PERFORMANCE OF THE
DEBTORS AND OTHER PARTIES UNDER THE PLAN AND LITIGATION TRUST
AGREEMENT AND (II) TURNOVER OF ESTATE PROPERTY**

James C. Leda, as Litigation Trustee (the **"Trustee"**) of the Rooftop Group Litigation Trust
(the **"Trust"**), by and through his counsel, hereby files this motion (the **"Motion"**) for entry of an
order substantially in the form attached hereto as **Exhibit A** to compel (i) performance of the
Debtors and other parties under the *Plan of Reorganization/Liquidation of Rooftop Group
International Pte. Ltd., Rooftop Group USA, Inc. and Rooftop Group Services (US) Inc. Pursuant
to Chapter 11 of the Bankruptcy Code Proposed by the Official Committee of Unsecured Creditors
of Rooftop Group International Pte Ltd. and the Chapter 11 Trustee of Rooftop Group USA, Inc.*

---

[1] The Debtors in these chapter 11 cases are, including the last four digits of their respective EIN numbers, as follows: Rooftop Group International Pte. Ltd. (no EID), Rooftop Group USA, Inc. (8810) and Rooftop Group Services (US), Inc. (3705). The mailing address for Rooftop International is 5218 Spruce Street, Bellaire, TX 77401, and the mailing address for the chapter 11 Trustee of Rooftop USA and Rooftop Services is 509 North Montclair Avenue, Dallas, Texas 75208-5498.

*and Rooftop Group Services (US) Inc.* (the **"Plan"**) [Docket No. 245-3] and the *Rooftop Group Litigation Trust Agreement* (the **"Trust Agreement"**) [Docket No. 245-1], and (ii) turnover of estate property. In support of this Motion, the Trustee submits the supporting declaration of James C. Leda attached hereto as **Exhibit B** and the supporting declaration of James E. Van Horn attached hereto as **Exhibit C**, and respectfully represents as follow:

## INTRODUCTION

1.      By this Motion, the Trustee requests that this Court compel the Debtors, and including but not limited to, any of their current and former professionals, advisors, representatives and other third parties and entities, to comply with the terms of the confirmed Plan and Trustee agreement, and to turn over all emails (including all content contained in such emails), electronic messages (including text messages and application-based messages), files, servers, computers, computer hard drives, documents, electronically stored information (including all metadata), SAP and other online or cloud-based access keys, office and other equipment, software, and any and all other of the Debtors' assets (collectively, the **"Assets"**) which vested in the Post-Confirmation Debtor and constitute Trust Assets. Specifically, the Debtors and their various professionals, advisors, representatives and other third parties and entities have failed to provide the Trust with the Assets despite repeated requests by the Trust essentially dating back to the Effective Date (as hereafter defined), to procure all of the Debtors' books and records.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction to consider the relief granted herein pursuant to 28 U.S.C. §§ 157 and 1334.

3.      This is a core proceeding pursuant to 28 U.S.C. § 157(b), and venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory predicate for the relief requested herein is Bankruptcy Code sections 105, 541, 542 and 1142.

## BACKGROUND

### A.      The Debtors' Bankruptcy Cases

5.      On April 30, 2019, Rooftop Group International Pte. Ltd. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On August 25, 2019, Rooftop Group USA, Inc. and Rooftop Group Services (US) Inc. (collectively, with Rooftop Group International Pte. Ltd., the **"Debtors"**) filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code.  On May 7, 2020, the Court entered an Order converting the cases of Rooftop Group USA, Inc. and Rooftop Group Services (US) Inc. from chapter 7 to chapter 11.

6.      On August 24, 2020, the Court entered its Order confirming the Plan (the **"Confirmation Order"**) [Docket No. 259].  The Plan became effective as of November 23, 2020 (the **"Effective Date"**) [Docket No. 276].

### B.      The Debtors' Assets Vested in the Post-Confirmation Debtor and are Trust Assets

7.      Pursuant to the Plan and Confirmation Order, ". . .all property in each Estate and any property acquired by the Debtors under the Plan shall vest in the Post-Confirmation Debtor free and clear of all Liens, Claims, charges, or other encumbrances. . ." *See* Plan at § 6.9; Confirmation Order at ¶ 34.  Pursuant to the Plan, "[t]he Litigation Trust shall be established and shall become effective on the Effective Date. The Litigation Trust shall be governed and administered in accordance with this Plan and the Litigation Trust Agreement." *See* Plan at § 5.5.

8.      Pursuant to the Trust Agreement, "Trust Assets" which vest in the Trust on the Effective Date include ". . . the rights to access use, possess, and maintain the Books and Records for all purposes relating to the Trust Assets, the Litigation Trust, the administration of Claims, and all other purposes to implement the Plan. . ."  *See* Trust Agreement at §§ 1.4, 1.5.

9.      As a result, on the Effective Date, all of the Debtors' Assets vested with the Post-Confirmation Debtor and are Trust Assets vested in the Trust.

**C.      The Trustee's Efforts to Obtain Trust Assets**

10.     The Trustee has communicated with Edward L. Schafman, an accountant for Rooftop Group USA, Inc. and Rooftop Group Services (US) Inc., on numerous occasions regarding turnover of Assets, including books and records.  Most recently, on February 11, 2021, the Trustee emailed Mr. Schafman informing him that they needed to discuss how all records, including financial records, relating to the Debtors would be transferred to the Trust, and on March 4, 2021, the Trustee once again emailed Mr. Schafman notifying him that his agreement to turn over all financial records that are property of the Trust remained unaddressed, and informing him that, in the absence of an acceptable response from him, the Trustee would be left with no choice but to gain custody of these Trust Assets  through other means.

11.     On December 17, 2020, James E. Van Horn, Trustee's counsel, emailed Michael Cooley, an attorney representing Rooftop Group International Pte. Ltd. in its chapter 11 case, asking him if he knew the status of the follow-up document requests the Official Committee of Unsecured Creditors had previously sent him, and also asking if he could please arrange to transfer all of the "debtor books and records, emails, files, etc., including the SAP access key(s)" over to the Trust or to please arrange to put the Trustee in touch with the appropriate person at the company who could work with the Trustee to facilitate those items.  Also on December 17, 2020, Mr. Van

Horn emailed Mr. Cooley and Ms. Sarah Cox, an attorney representing Darren Matloff, forwarding an email previously sent to both of them on July 7, 2020 regarding, and following up again in the December 17, 2020 email, asking them if they had found anything out about the Debtors' cloud-based accounting software, including any information or documentation related to the software program.

12. On January 15, 2021, the Trustee and Mr. Van Horn participated in a teleconference with Mr. Cooley, in which the Trustee and Mr. Van Horn requested that the Debtors turn over all of the Debtors' emails, books and records and other Assets.

## **RELIEF REQUESTED**

13. The Trustee seeks entry of an order (the **"Order"**) substantially in the form attached hereto as **Exhibit A** directing the Debtors and their current and former professionals, advisors, representatives and other third parties and entities, to comply with the terms of the confirmed Plan and Trust Agreement, and to provide access to and/or turn over all Assets to the Trust within ten (10) days of the entry of the Order, or such other time as the Trust, in its sole discretion, may agree to, that may be in the possession, custody and/or control of the Debtors or any of their current and former professionals, advisors, representatives and other third parties and entities. The Order also provides that the Debtors and other third parties and entities, upon request by the Trustee, shall provide, within ten (10) days of receiving such request, a certification with a description of any items that were deleted, destroyed or otherwise disposed of in any way on and after April 30, 2019, and which items otherwise would constitute an Asset that would have vested in the Post-Confirmation Debtor and the Trust upon the Effective Date.

**BASIS FOR RELIEF REQUESTED**

14. Section 105 of the Bankruptcy Code states that "the court may issue any order . . . that is necessary or appropriate to carry out the provisions of this title. 11 U.S.C. § 105(a). Section 1142 (b) of the Bankruptcy Code states that the "court may direct the debtor . . . to execute or deliver or to join in the execution or delivery of any instrument required to effect a transfer of property dealt with by a confirmed plan . . . ." 11 U.S.C. § 1142(b).

15. Bankruptcy courts "ha[ve] broad authority under §§ 105 and 1142(b) of the Bankruptcy Code to order parties to comply with reorganization plans." *In re Goldblatt Bros., Inc.*, 132 B.R. 736, 741 (Bankr. N.D. Ill. 1991); *see also In re Jorgensen*, 66 B.R. 104, 108 (9th Cir. BAP 1986) ("The court under §§ 105 and 1142(b) can make necessary orders to carry out the provisions of the plan."); *Matter of Coral Air, Inc.*, 40 B.R. 979, 982 (D.C.V.I. 1984) ("[Section 1142] grants the Court power to direct the debtor and any other necessary party to perform any act necessary for the consummation of the plan.")

16. As set forth above, the Plan provided for the establishment of the Trust and entry into the Trust Agreement. On the Effective Date, all of the Debtors' Assets vested with the Post-Confirmation Debtor and are Trust Assets vested in the Trust.

17. Accordingly, upon the Effective Date, the Debtors and their current and former professionals, advisors, representatives and other third parties and entities were required to turn over to the Trust and Post-Confirmation Debtor all of the Assets. To date, they have not done so, in violation of the Plan, Trust Agreement, and this Court's Confirmation Order which has forced the Trustee to seek the relief requested herein.

18. Further, the Debtors' Assets clearly constitute property of the estate. 11 U.S.C. § 541. Section 542(a) of the Bankruptcy Code *requires* anyone holding property of the estate to

deliver it to the trustee. 11 U.S.C. § 542(a); *Am. Metrocomm Corp. v. Duane Morris & Heckscher, L.L.P. (In re Am. Metrocomm Corp.),* 274 B.R. 641,652 (Bankr. D. Del. 2002) (citing *In re Foster,* 188 F.3d 1259, 1265 (10th Cir. 1999)).

19.     In addition, section 542(e) of the Bankruptcy Code provides:

> Subject to any applicable privilege, after notice and a hearing, the court may order an attorney, accountant, or other person that holds recorded information, including books, documents, records, and papers, *relating to the debtor's property or financial affairs,* to tum over or disclose such recorded information to the trustee."

11 U.S.C. § 542(e) (emphasis added).  In the instant case, there is no "applicable privilege" the Debtors can assert since the Post-Confirmation Debtor and Trust succeeded to all of the Debtors' attorney-client privileges and any and all other of the privileges the Debtors possessed prior to the Effective Date.

20.     Moreover, the scope of section 542(e) is not limited to documents that are property of the estate; rather, section 542(e) also compels the production of documents so long as they relate to the debtor's affairs. *See Am. Metrocomm Corp.,* 274 B.R. at 652 ("Although an action for turnover under Section 542(a) requires that the information requested be property of the estate, there is no such requirement in Section 542(e). Therefore, whether the Attorney Files constitute property of the estate is irrelevant to the Court's determination of whether turnover is proper under Section 542(e)."); *Heritage Org.,* 350 B.R. at 737 (same); *Keller v. Blinder (In re Blinder, Robinson & Co.),* 140 B.R. 790, 793 (D. Colo. 1992) ("under this statutory framework, '[d]ocuments or books belonging to the debtor and of value or benefit to the estate must be turned over as property of the estate under section 542(a).If the documents or books are not property of the estate, [subsection (e)] applies to require disclosure of the information in such books or records.'").

### NO PRIOR REQUEST

21.     No previous request for the relief sought herein has been made to this or any other

Court.

### NOTICE

22.     Notice of this Motion will be provided to: (a) the Office of the United States

Trustee; (b) Rooftop Group International Pte. Ltd.; (c) Rooftop Group USA, Inc.; (d) Rooftop

Group Services (US), Inc.; (e) Darren Matloff; (f) Edward L. Schafman, LLC; (g) Reed Smith

LLP; (h) Spector & Cox, PLLC; (i) Arete Advisors; and (j) all persons and entities that have filed

a request for service of filings in these chapter 11 cases pursuant to Bankruptcy Rule 2002.  The

Trustee submits that no other or further notice need be provided.

**WHEREFORE,** the Trustee respectfully requests that this Court:

(a)     enter the Order compelling the Debtors, and including but not limited to, any of

their current and former professionals, advisors, representatives and other third parties and

entities, to comply with the terms of the confirmed Plan and Trustee agreement, and to turn over

to the Trustee all Assets which vested in the Post-Confirmation Debtor and constitute Trust

Assets; and

(b)     granting such other relief as the Court deems just and proper.

Dated: March 24, 2021                              Respectfully submitted,

                                                    /s/  *Rachael L. Smiley*
                                                   Rachael L. Smiley
                                                   State Bar No. 24066158
                                                   FERGUSON BRASWELL FRASER
                                                   KUBASTA PC
                                                   2500 Dallas Parkway, Suite 600
                                                   Plano, Texas 75093
                                                   Telephone: 972-378-9111
                                                   Facsimile: 972-378-9115
                                                   Email:  rsmiley@fbfk.law

-and-

James E. Van Horn
(admitted *pro hac vice*)
BARNES & THORNBURG LLP
1717 Pennsylvania Avenue NW, Suite 500
Washington, D.C. 20006-4623
Telephone: 202-371-6351
Facsimile: 202-289-1330
Email: jvanhorn@btlaw.com

**COUNSEL FOR THE LITIGATION TRUSTEE**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that I communicated with Michael Cooley and Sarah Cox, counsel for the pre-confirmation Debtor Rooftop International Pte. Ltd. and Darren Matloff, respectively, via email on March 23, 2021 regarding the relief sought in the foregoing Motion, and Mr. Cooley indicated that his client did not agree to the relief sought herein, while a response was not received from Ms. Cox.

_/s/ James E. Van Horn_
James E. Van Horn

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 24th day of March, 2021, a true and correct copy of the foregoing document was served (i) via Court ECF notification upon all parties in this case entitled to receive such notification, and (ii) upon the parties below via email or U.S. First class mail:

Michael P. Cooley
Lindsey L. Robin
REED SMITH LLP
2501 N. Harwood, Suite 1700
Dallas, TX 75201
mpcooley@reedsmith.com
lrobin@reedsmith.com

Edward L. Schafman
EDWARD L. SCHAFMAN, LLC

5218 Spruce Street
Bellaire, TX 77401
EdSchafman@todayscpa.com

Howard M. Spector
Sarah M. Cox
SPECTOR & COX, PLLC
12770 Coid Rd, Ste. 1100
Dallas, TX 75251
hspector@spectorcox.com
sarah@spectorcox.com

Darren Matloff
900 Henderson Avenue
Apt. 2514
Houston, TX 77058

Arete Advisors
8875 Research Dr
Irvine, CA 92618-4236

Rooftop Group International Pte. Ltd.
5218 Spruce Street
Bellaire, TX 77401

Rooftop Group USA, Inc.
5218 Spruce Street
Bellaire, TX 77401

Rooftop Group Services (US), Inc.
5218 Spruce Street
Bellaire, TX 77401

Elizabeth Young
United States Trustee
1100 Commerce Street
Room 976
Dallas, TX 75202
Elizabeth.A.Young@usdoj.gov

                                    _/s/ Rachael L. Smiley_____
                                    Rachael L. Smiley